UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LD MANAGEMENT LLC and MICHAEL LUKACS,<br><br>       *Plaintiffs*,<br><br>v.<br><br>MARQUE STAR HOLDINGS, LLC (d/b/a MARQUE STAR), GREGORY STENSTROM, DARRYL GAEMAN, PATRICK STENSTROM, GREGG GARNICK,<br><br>       *Defendants*. | No. 23-cv-23158 (MEF)(AME)<br><br>**OPINION and ORDER** |

\*   \*   \*

The Plaintiffs have filed a motion for default judgment. It invokes this Court's subject-matter jurisdiction based only on the Full Faith and Credit Act, 28 U.S.C. § 1738, and the Full Faith and Credit Clause of the Constitution, U.S. Const. art. IV, § 1.

But the Supreme Court has held that "the Full Faith and Credit Clause, in either its constitutional or statutory incarnations, does not give rise to an implied federal cause of action." Thompson v. Thompson, 484 U.S. 174, 182 (1988) (citing Minnesota v. N. Sec. Co., 194 U.S. 48, 72 (1904)).

And Thompson means that Section 1738 does not itself confer federal subject-matter jurisdiction. See, e.g., Caballero v. Fuerzas Armadas Revolucionarias de Colombia, 945 F.3d 1270, 1274 (10th Cir. 2019) ("Section 1738 is a rule of decision, not an independent basis of jurisdiction."); Vera v. Republic of Cuba, 867 F.3d 310, 320 (2d Cir. 2017) ("§ 1738[] [and its "constitutional counterpart" have] no bearing on the question of whether a district court has subject matter jurisdiction to hear a claim.").

In light of the above, the Plaintiffs have not carried their burden of establishing jurisdiction. See, e.g., DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n.3 (2006); cf. Baymont

1

Franchise Sys., Inc. v. Narnarayandev, LLC, 348 F.R.D. 220, 227-28 (D.N.J. 2024).

The motion for default judgment at ECF 17 is denied. This is without prejudice to it being renewed.

IT IS on this 1st day of May, 2025, so **ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.